# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Jerome Addison,<br><br>    Plaintiff,<br>v.<br><br>Charleston Public Defender, Ashley Pendleton, Lorelle Proctor,<br><br>    Defendants. | Case No. 8:25-cv-13646-RMG<br><br>**ORDER & OPINION** |

Before the Court is the Report and Recommendation (R & R) of the Magistrate Judge recommending that Plaintiff's claim be construed as a successive habeas petition and dismissed because Plaintiff has not first obtained authorization from the Court of Appeals to file a successive petition or, in the alternative, dismissed as a § 1983 action because Plaintiff fails to state a claim upon which relief may be granted. (Dkt. No. 8). Plaintiff filed no objections to the R & R. As set forth below, the Court agrees with the Magistrate Judge that this claim is a successive habeas petition in which the Court of Appeals has not authorized a successive filing, adopts the portion of the R & R related to the claims for habeas relief, a dismisses this action without prejudice.

I.   **Background**

Jerome Addison ("Plaintiff"), proceeding pro se, brings this action purportedly under 42 U.S.C. § 1983. (Dkt. No. 1). Plaintiff is a prisoner in the custody of the South Carolina Department of Corrections ("SCDC") and is presently incarcerated at the Ridgeland Correctional Institution. (*Id*. at 12). Plaintiff is serving a life sentence without the possibility of parole after being convicted of kidnapping and assault and battery with the intent to kill. *See*, *State v. Addison*, 525 S.E.2d 901 (S.C. 1999).

Plaintiff sues various attorneys with the Charleston County Public Defender's Office and asserts his rights under the Sixth and Fourteenth Amendments to the Constitution have been violated. Plaintiff's complaint, like his prior complaints filed in this Court, appears to challenge his South Carolina state conviction and sentence. Because of the relief sought, the Magistrate Judge concluded that this action is seeking habeas corpus relief under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

## II.   Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### III. Discussion

Upon review of the record and case law in this Circuit, the Magistrate Judge correctly determined that Plaintiff's filed documents constitute a petition for a writ of habeas corpus under § 2254 and that Plaintiff's claims are subject to summary dismissal. (Dkt. No. 8). The Magistrate Judge also recommends granting Plaintiff's motion for leave to proceed in forma pauperis. (Dkt. No. 2).

Under § 2254, a federal court may issue a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Anti-Terrorism and Effective Death Penalty Act of 1996 amended 28 U.S.C. § 2254 to establish that "an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted) (citing *Felker v. Turpin*, 518 U.S. 651 (1996)). To be considered "successive," the second or subsequent petition must be an attack on the same conviction attacked in the first petition, and the first petition must have been adjudicated on the merits. *See In re Williams*, 444 F.3d 233, 236 (4th Cir. 2006).

Plaintiff has filed at least four prior habeas actions to challenge his state court criminal conviction and sentence. Plaintiff filed a habeas action pursuant to § 2254 at case number 2:00-cv-2557, and this Court dismissed that action with prejudice on August 7, 2001, granting summary judgment to the Respondent. *See Addison v. State of S.C.*, 2:00-cv-2557-12AJ (D.S.C. Aug. 7, 2001), Dkt. No. 34 (adopting the R & R at Dkt. No. 23). Plaintiff also filed subsequent habeas actions pursuant to § 2254 at case numbers 2:02-cv-2271, 2:05-cv-3479, 2:08-cv-3717, 8:20-cv-

3

4010, 2:24-cv-3623, and 2:25-cv-12512, and this Court dismissed each of those actions as unauthorized successive petitions. The petition at case number 2:00-cv-2557 was dismissed on the merits, making the present Petition, which attacks the same conviction, successive for purposes of 28 U.S.C. § 2244(b).

Section 28 U.S.C. § 2244(b)(2) allows petitioners to bring a successive § 2244 action once a court of appeals has authorized it. Because it appears that Plaintiff did not obtain authorization from the Fourth Circuit Court of Appeals to file the instant Petition, this Court does not have jurisdiction to consider it. *See United States v. Winestock*, 340 F.3d 200, 205–06 (4th Cir. 2003).

## IV.    Conclusion

In light of the foregoing, the Court **ADOPTS** the portion of the R & R related to Plaintiff's habeas claim (Dkt. No. 8 at 1-9), **GRANTS** Plaintiff's motion for leave to proceed in forma pauperis (Dkt. No. 2) and **DISMISSES** Plaintiff's action without prejudice.

**AND IT IS SO ORDERED.**

    s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

December 22, 2025
Charleston, South Carolina